# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CARLOS J. HINOJOSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-2279 (ESH) |
| | ) | |
| U.S. ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Carlos J. Hinojosa, a prisoner at the Federal Correctional Institution in Bastrop, Texas, has filed a complaint against the United States Attorney General, the United States Attorney's Office for the Southern District of Texas, United States District Judge Hilda Tagle, and the United States Attorney for the District of Columbia. (Compl. at 1.) Plaintiff's complaint seeks to "vacate VOID JUDGMENT Due to Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedures, Under Rule 60(b)(4)." (*Id*. at 2.) The judgment at issue is the "Judgment in a Criminal Case" entered against him by Judge Tagle in the Southern District of Texas. *See United States v. Hinojosa*, Criminal No. 03-1010-01 (S.D. Tex. Feb. 3, 2006) (hereinafter "Criminal Judgment")[1]; (Compl. at 2.)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

---

[1]Pursuant to that judgment, defendant was convicted of promoting and aiding and abetting money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I) and 18 U.S.C. § 2. (Criminal Judgment at 1.)

contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In addition,"'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008) (quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982)). Indeed, a federal court must raise the issue because it is "forbidden - as a court of limited jurisdiction - from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.* (quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003)). A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010) (citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983)).

Such is the case here. Plaintiff relies on Federal Rule of Civil Procedure 60(b)(4) as giving the Court jurisdiction to declare his criminal conviction void. (Compl. at 3-6.) Rule 60(b)(4) permits a party in a civil case to file a "motion" seeking relief from a final judgment on the ground that the judgment is "void." Fed. R. Civ. P. 60(b)(4). But it is not a jurisdictional statute, and there is simply no support for plaintiff's assertion that Rule 60(b)(4) permits a criminal defendant to file an "independent" civil action in a different jurisdiction collaterally attacking a criminal judgment. To the contrary, it is well-established that judicial review of a federal conviction and sentence is available only via a motion filed in the sentencing court pursuant to 28 U.S.C. § 2255 or a petition for a writ of habeas corpus against the warden in the

2

jurisdiction where the defendant is being held if the remedy under § 2255 is inadequate or ineffective to test the legality of a person's detention. *See*, *e.g.*, *Romero v. United States Attorney General*, 2008 WL 723335 (D.D.C. Mar. 18, 2008). Indeed, an earlier and virtually identical case filed by plaintiff was dismissed on the ground that Rule 60(b)(4) "cannot be used in criminal cases." *Hinojosa v. Gonzales*, *et al.*, Civil No. 08-0096 (S.D. Tex. July 28, 2008).[2] Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972), *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), it is clear that the Court lacks subject matter jurisdiction over plaintiff's claims.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: January 4, 2011

---

[2]As in the present case, plaintiff filed his complaint in the District Court for the District of Columbia, but it was transferred to the Southern District of Texas on the ground that it should be construed as a motion for post-conviction relief under 28 U.S.C. § 2255. Order, *Hinojosa v. Gonzales*, Civil No. 07-00860 (D.D.C. filed Oct. 12, 2007). After the case was transferred, the district court in Texas did not construe it as a motion for relief under § 2255, but dismissed on the ground that Rule 60(b)(4) had no application in a criminal case and, in the alternative, that none of plaintiff's claims had any merit. *See Hinojosa v. Gonzales*, *et al.*, Civil No. 08-0096 (S.D. Tex. July 28, 2008). Plaintiff filed a virtually identical complaint the following year, which was again transferred to the Southern District of Texas. Order, *Hinojosa v. Makuski*, Civil No. 08-1072 (D.D.C. filed Oct. 24, 2008). Plaintiff withdrew that complaint. Motion to Withdraw, *Hinojosa v. Makuski*, Civil No. 08-00328 (S.D. Tex. filed Apr. 27, 2009).